In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00106-CR

                                                ______________________________

 

 

                               REGINALD RONARD HALL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 22859

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Reginald
Ronard Hall appeals from his jury convictions for two counts of delivery of a
controlled substance in a drug-free zone. 
Hall was sentenced as a repeat offender to twenty years’ imprisonment on
the first count and to ten years’ imprisonment on the second count, with the
sentences to run concurrently.  He was
represented by appointed counsel at trial and on appeal.

            Hall’s
attorney has filed a brief which discusses the record and reviews the
proceedings.  Counsel has thus provided a
professional evaluation of the record demonstrating why, in effect, there are
no arguable grounds to be advanced.  This
meets the requirements of Anders v.
California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel mailed
a copy of the brief to Hall November 25, 2009, informing Hall of his right to
file a pro se response and of his right to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Hall has neither filed a pro se response nor
requested an extension of time in which to file such response.

            We have
determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and we agree that no arguable issues support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005).  

            We do note,
however, that the trial court’s judgment on count two in this case indicates
the degree of the offense is a second-degree felony.  The offense for count two is a third-degree
felony.  See Tex. Health & Safety
Code Ann. § 481.134(d) (Vernon Supp. 2009).  The punishment range was correctly enhanced
to that of a second-degree felony.  See Tex.
Penal Code Ann. § 12.42(a)(3) (Vernon Supp. 2009).  This Court has the authority to modify the
judgment to make the record speak the truth when the matter has been called to
our attention by any source.  French v. State, 830 S.W.2d 607 (Tex.
Crim. App. 1992).  In Asberry v. State, 813 S.W.2d 526 (Tex.
App.—Dallas 1991, pet. ref’d), the court noted that the authority of the
appellate court to modify incorrect judgments is not dependent on request of
any party; the appellate court may act sua sponte.  The Texas Rules of Appellate Procedure
provide direct authority for this Court to modify the judgment of the trial
court.  Tex.
R. App. P. 43.2.  We modify the
judgment to reflect the correct degree of offense as that of a third-degree
felony.

            In a
frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

            As
modified, we affirm the judgment of the trial court.[1]

 

 

 

 

                                                                                   Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          February
11, 2010

Date Decided:             February
23, 2010

 

Do Not Publish           

 

 

 

 











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of Hall in this case.  No substitute counsel will be appointed.  Should Hall wish to seek further review of
this case by the Texas Court of Criminal Appeals, Hall must either retain an
attorney to file a petition for discretionary review or Hall must file a pro se
petition for discretionary review.  Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.